RECEIVED
NOV 1 8 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ALONSO GARCIA (#77272-279)     DOCKET NO. 14-CV-2980; SEC. P
    a.k.a. ALONSO GARCIA, JR.

VERSUS     JUDGE DRELL

WARDEN     MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Alonso Garcia, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on October 9, 2014. [Doc. #1] Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary in Pollock, Louisiana. He challenges the computation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural Background*

According to Petitioner, he was arrested on March 24, 2010, in Texas, "for a case involving a shooting." [Doc. #1, p.7] He was released on bond on March 25, 2010. He was arrested again on May 19, 2010, and released on bond on May 20, 2010. On September 5, 2010, Garcia was arrested for transporting an undocumented alien. He was released on September 10, 2010, on home confinement. He was arrested on September 17, 2010, for delivery of cocaine, *and he was detained in the custody of the State of Texas*.

On October 1, 2010, a *writ of habeas corpus ad prosequendum* was issued in the United States District Court for the Southern District of Texas, and on October 20, 2010, Garcia appeared in federal court pursuant to that writ. He pleaded guilty to Transportation of an Undocumented Alien. [2:10-CR-891, S.D.Tex., U.S. v. Alonso Garcia]  He was apparently returned to state custody thereafter because, on December 10, 2010, another writ was issued in U.S. v. Garcia, Jr., 2:10-CR-1104, S.D.Tex.  On January 11, 2011, Petitioner appeared again in federal court pursuant to he writ and entered a plea of guilty to Felon in Possession of a Firearm.  [2:10-CR-1104, S.D.Tex., U.S. v. Alonso Garcia, Jr.]

He remained in temporary federal custody until March 25, 2011, when Petitioner appeared in court for sentencing in both cases. He was sentenced to a term of sixty months of imprisonment for Transportation of an Undocumented Alien [2:10-CR-891, S.D.Tex., Doc. #22], and seventy-two months for Felon in Possession of a Firearm, to be served concurrently with the sixty month term [2:10-CR-1104, Doc. #22].  After sentencing, Petitioner was returned to state custody to face the pending state charges.

On May 4, 2011, Garcia was sentenced in the 28th District Court, Nueces County, Texas, to a term of imprisonment of two years.  The state court judge ordered that the state sentence run concurrent to the previously imposed federal sentences.  [2:10-CR-1104, S.D.Tex., Doc. #25]   He was given credit for 9/17/10 –

2

10/8/10, from 11/29/10 to 4/15/11, and from 4/15/11 - 5/4/11.

On June 23, 2014, Petitioner filed a motion in the Southern District of Texas, requesting pre-sentence credit for the time in which he was in state custody. [2:10-CR-1104, S.D.Tex., Doc. #24] The motion was denied for lack of jurisdiction, but the judge noted, "*At the time this Court sentenced Garcia in 2011, the Court was aware that he had not been sentenced on the state charges and that Garcia would be released back to state custody.*" [Id.]

According to the administrative remedy responses submitted by Garcia in the captioned case, his term of federal imprisonment commenced on November 6, 2012, the date he was received in federal custody from the State of Texas. He was given credit for sixty-two days of prior custody: March 24-25, 2010; May 19-20, 2010; September 5-10, 2010; and September 17 - November 7, 2010.

### Law and Analysis

Petitioner seeks credit against his federal sentence for a two year period in which he was incarcerated in Texas, where the state sentence - imposed after the federal sentence - was ordered to run concurrent to the federal sentence. The Fifth Circuit holds that a federal sentence can be imposed to run concurrent with a future state sentence. United States v. Hernandez, 234 F.3d 252, 256 (5th Cir.2000); United States v. Brown, 920 F.2d 1212, 1217 (5th Cir.1991); United States v. Esquivel, 78 Fed. Appx. 964, 2003 WL 22430514 (5th Cir.2003). However, the Fifth Circuit has also

declared that "well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir.2003) (per curiam) (emphasis added).

Therefore, while a federal district court may take into consideration anticipated sentences from separate state court proceedings in determining whether to impose a concurrent or consecutive federal sentence, the failure of the federal court to specify that the federal sentence is to run concurrently to the anticipated state sentence results in the designation of a consecutive sentence. "A district court must specify in its sentencing that sentences run concurrently; otherwise, they run consecutively." Id.; see also, Reese v. United States Bureau of Prisons, 2006 U.S. Dist. LEXIS 23320 (D.Tex. 2006).  In this case, based on the ruling from the sentencing court in Petitioner's motion for credit, it is clear that the federal judge deliberately chose not to order that the federal sentence run concurrent to the state sentence that was yet to be imposed. [2:10-CR-1104, S.D.Tex., Doc. #24 ("At the time this Court sentenced Garcia in 2011, the Court was aware that he had not been sentenced on the state charges and that Garcia would be released back to state custody.")]

Petitioner also argues that the sentences should be concurrent because the state court designated that his state sentence was to

be served concurrently with his federal sentence. However, such a designation by the state court is non-binding on the BOP. See Leal v. Tombone, 341 F.3d 427, 429 n. 13 (5th Cir. 2003)(per curiam).

Additionally, Title 18 U.S.C. §3585 determines whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. See Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides, in relevant part, as follows:

> (b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

18 U.S.C. §3585 (emphasis added).

In this case, Petitioner received credit against his Texas sentence for the time he spent in "borrowed" federal custody pursuant to the *writ of habeas corpus ad prosequendum*. Thus, pursuant to 18 U.S.C. §3585, Petitioner was not entitled to have that time credited toward his federal sentence, too. Petitioner *was* given federal pre-sentence custody for the time that was not credited toward the state sentence, specifically: March 24-25, 2010; May 19-20, 2010; and September 5-10, 2010. He was also given

credit from his arrest on September 17, 2010 through November 7, 2010. See eg., Brown v. Morris, 231 Fed.Appx. 312 (5th Cir. 2007)(unpublished)(Federal prisoner was not entitled to a credit toward his federal sentence for time he spent in detention prior to commencement of his federal sentence, while serving his state sentence, although state judgment ordered that state sentence was to run concurrently to his federal sentence, where prisoner received credit for time he served in state prison toward his state sentence. 18 U.S.C.A. § 3585(b)).

Based on the ruling in Petitioner's criminal case on the motion for credit, it is evident that the federal judge did not intend on the federal sentence running concurrent to the impending state sentence. It is also clear from Plaintiff's exhibits that he received all federal credit to which he was entitled by law.

### Conclusion

Because Petitioner cannot show that his sentence violates the United States Constitution or federal law, he is not entitled to habeas relief under §2241. For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED, with prejudice.**

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific,

6

written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this _17th_ day of November, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE